UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN RAINES and TIM McGOUGH,
as Trustees of the Carpenters & Joiners
Welfare Fund, and JOHN RAINES as
Trustee of the Carpenters and Joiners
Apprenticeship and Journeymen Training
Trust Fund, and each of their successors,

   Plaintiffs,

v.       **MEMORANDUM OF LAW & ORDER**
        Civil File No. 19-61 (MJD/ECW)

KENNY WINGENDER, doing business
as BN Service Inc.,

   Defendant.

Nathan Boone, Amanda R. Cefalu, and Andrew R. Shedlock, Kutak Rock LLP, Counsel for Plaintiffs.

No appearance by Defendant.

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Entry of Default Order. [Docket No. 11] The Court heard oral argument on August 1, 2019.

## II. BACKGROUND

### A. Factual Background

1

1. **The Parties**

Plaintiffs John Raines and Tim McGough are Trustees of the Carpenters & Joiners Welfare Fund and Raines is also Trustee of the Carpenters and Joiners Apprenticeship and Journeyman Training Trust Fund ("the Funds"). (Compl. ¶¶ 1-2.) The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained under Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 186(c)(5), 186(c)(6). (Compl. ¶¶ 1-2.) The Funds are administered in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq. (Compl. ¶¶ 1-2.) Raines and McGough are Trustees of the Funds and fiduciaries under ERISA, 29 U.S.C. § 1002(21). (Id. ¶ 3.)

Defendant Kenny Wingender is doing business as BN Service, Inc., and is engaged in the construction industry in Omaha, Nebraska. (Compl. ¶ 4.) During the relevant time period, Defendant employed individuals in the carpentry trade, submitted reports for them to Plaintiffs, and made fringe benefit contributions for them to Plaintiffs. (Wilson Supp. Aff. ¶ 5.) Although Defendant operated under the name "BN Service, Inc.," that entity is not an active corporation. (Id.)

## 2. The Collective Bargaining Agreement

Defendant was bound to the terms of the collective bargaining agreement negotiated between the Omaha Building Contractors Employers Association and the Carpenters District Council of Kansas City Local Union 427 (formerly known as Local 444) ("CBA"). (Compl. ¶ 7; Wilson Aff. ¶ 2; Wilson Aff., Ex. A, CBA at 13, 27.) Defendant signed the CBA as "Kenny Wingender" and represented himself as "President" of "BN SVCS." (Wilson Supp. Aff. ¶ 3; CBA at 2, 13.) There is no corporate entity that operates under the name "BN SVCS." (Wilson Supp. Aff. ¶ 4.) Although Defendant operates under the name of an inactive company, BN Service, Inc., Defendant personally employs the workers who are covered by the CBA. (Id. ¶ 7.)

The CBA requires employers, including Defendant, to make fringe benefit contributions to the Funds in accordance with its terms. (Compl. ¶ 9; Wilson Aff. ¶ 4; CBA, Art 10.) Employers must make contributions on behalf of each bargaining unit employee as defined in the CBA in amounts set forth in the CBA for the purpose of funding employee benefits. (Compl. ¶ 9; Wilson Aff. ¶¶ 3-4; CBA at 22-25.)

Under the CBA, an employer must complete a report form with the information as required by the Trustees, identifying each of its employees and

3

each hour that employee performed covered work during that month. (Compl. ¶ 10; Wilson Aff. ¶ 4.) All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation by the 15th day of the month after the month in which the hours were worked. (Compl. ¶ 10; Wilson Aff. ¶¶ 4-5.) The Declarations of Trust under which the Funds were established also provide that when an employer is delinquent in the submission of fringe benefit contributions, it is also liable for liquidated damages of 10% of the amounts owed and must pay interest on the unpaid contributions at the rate set forth in IRC § 6621, starting on the date such contributions were due. (Compl. ¶ 17; Wilson Aff. ¶ 6.) Additionally, the CBA and Declarations of Trust, as well as 29 U.S.C. § 1132(g)(2)(D), provide that Defendant is liable for reasonable attorney's fees and costs incurred by Plaintiffs in pursuing this action. (Compl. ¶ 19.)

### 3. Defendant's Breach of the CBA

Defendant failed to timely submit the fringe fund reports and contributions for the months of August 2018 through December 2018. (Compl. ¶ 12; Wilson Aff. ¶ 7.) In March 2019, after Plaintiffs filed the current action, Defendant submitted the remittance reports due for the months of August 2018 through January 2019. (Wilson Aff. ¶ 8.) Plaintiffs determined that Defendant

4

owed $16,648.36 in fringe benefit contributions for that time period, plus liquidated damages and interest, and Defendant paid Plaintiffs $16,648.36. (Id. ¶¶ 8-9.) Defendant has not made payments to Plaintiffs for the liquidated damages or interest. (Id.) Plaintiffs are owed $1,664.84 in liquidated damages, $252.08 in interest, and attorney's fees and costs. (Id. ¶¶ 8-11.) In total, Defendant owes the Funds $1,916.92 for liquidated damages and interest for late contributions for hours worked through January 2019. (Id. ¶ 11.)

Additionally, Defendant has failed to submit the remittance reports and any contributions due for hours worked in February, March, and April 2019. (Wilson Aff. ¶ 10.) Plaintiffs cannot calculate the amounts owed for February 2019 through May 2019 until Defendant submits the remittance forms for this period. (Id. ¶ 12.)

### B. Procedural History

On January 9, 2019, Plaintiffs filed a Complaint against Wingender in this Court. [Docket No. 1] The Summons and Complaint were served on Defendant on January 17, 2019. [Docket Nos. 4-5] Defendant failed to file an answer or otherwise respond to the Complaint. The Clerk entered Default on February 11, 2019. [Docket No. 9]

On June 4, 2019, Plaintiffs served all of the documents associated with their Motion for Entry of Default on Defendant through U.S. mail. [Docket No. 17] On June 21, 2019, Plaintiffs served the Amended Notice of Motion on Defendant through U.S. mail. [Docket No. 18-1] The Court held a hearing on August 1, 2019, and Defendant failed to appear. [Docket No. 20] On August 2, 2019, Plaintiffs filed a letter and supplemental affidavit addressing Defendant's personal liability; those were served on Defendant by U.S. mail on August 2, 2019. [Docket No. 23]

Plaintiffs seek an order requiring Defendant to submit fringe benefit reports for February 2019 through the present; finding Defendant liable to Plaintiffs for $1,916.92 in liquidated damages and interest owed for the period of August 2018 through January 2019; and finding Defendant liable to Plaintiffs for all fringe benefit contributions due pursuant to the remittance reports to be submitted for February 2019 through the present, together with liquidated damages, interest, and attorney's fees and costs.

### III. DISCUSSION

Defendant has failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default against it; thus, this matter is ripe for default judgment. Fed. R. Civ. P. 55. The Court accepts the factual allegations in the

6

Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

> When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.

Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (citations omitted).

Under ERISA,

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

The Court grants Plaintiffs' motion. Defendant has failed to respond, and Plaintiffs' requested relief is supported by the CBA and ERISA.

Defendant shall immediately submit the fringe benefit fund remittance reports for February 2019 through the present in order to allow Plaintiffs to calculate their damages, if any. Plaintiffs are also entitled to an order finding

7

Defendant liable for all amounts due under the remittance reports submitted for August 2018 through January 2019, which show that Defendant is liable for $16,648.36 for fringe benefit contributions, liquidated damages of $1,664.84 (10% of the amount reported), and interest in the amount of $252.08. Defendant remitted partial payment for this amount in late March 2019 by submitting a check for $16,648.36. However, Plaintiffs are still entitled to an order finding that Defendant continues to owe the Funds $1,916.92 for the months of August 2018 through January 2019, plus any additional amounts owed for February 2019 through the present. Plaintiffs are also entitled to their reasonable attorney's fees and costs in pursuing this action, both under ERISA and the CBA.

The Court concludes that Plaintiffs have demonstrated that Defendant is personally liable for the damages in this case. "Nebraska law . . . has well-established principles that protect a corporate officer from personal liability for contracts signed on behalf of a corporation." Marshall v. Baggett, 616 F.3d 849, 853 (8th Cir. 2010) (citations omitted). And "the law of this circuit is clear that, absent piercing the corporate veil, officers of a corporation cannot be held liable for ERISA obligations undertaken by the corporation." Id. (citations omitted). If "[t]he Agreement is clear on its face that [the defendant] executed the contract in

her official capacity as president of [the corporation]," "she cannot be held individually liable for the allegedly delinquent payments of the corporation." Id. at 853-54. The Eighth Circuit has held that an agreement is clear that a defendant signed in her official capacity as president of the corporation when the signature reads as follows:

> Baggett Masonry, Inc. (handwritten)
> COMPANY NAME
> Theresa Baggett (signature)
> BY
> President (handwritten)
> TITLE

Id. at 851, 853-54.

> In this case, however, Defendant signed the CBA as follows:
>
> (please print or type firm name below)
> [left blank]
> 5845 S 49th St
> Street
> Omaha, Ne 68117
> City, State, Zip
> 402 734-7267
> Phone
> Same
> Fax
> Kenny Wingender [signature] President
> (Signature and Title)
> Kenny Wingender
> (Please print name)

(CBA at 13.) BN Services, Inc. is not named anywhere in the CBA. The only entity name found anywhere in the CBA is "BN SVCS," which appears on the first page of the CBA. There is no corporate entity operating under the name "BN SVCS." (Supp. Wilson Aff. ¶ 4.) The Court concludes that, unlike in Marshall, the CBA is not clear on its face that Defendant executed the contract in his official capacity as president of BN Services, Inc.

According to the Complaint and the Supplemental Wilson Affidavit, Defendant is a sole proprietor who operates under the name "BN Service, Inc." The Plan Administrator, James Wilson, avers that Defendant personally employed the employees whose work is at issue in this lawsuit. "[D]oing business under another name or several names does not create an entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations." Toulousaine de Distribution et de Servs. v. Tri-State Seed & Grain, 520 N.W.2d 210, 214-15 (Neb. Ct. App. 1994) (holding individual sole proprietor was personally liable for judgment although he did "business under variations of the name of 'Tri–State Seed Company'" including using the name "Tri State Seed Grain, Inc."). See also Duval v. Midwest Auto City, Inc., 425 F. Supp. 1381, 1387 (D. Neb. 1977) ("Doing business

10

under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations."), aff'd, 578 F.2d 721 (8th Cir. 1978).

Additionally, as reflected in the Supplemental Wilson Affidavit, BN Services is an inactive corporation and was at the time Defendant employed the workers whose hours are at issue in this lawsuit. (Supp. Wilson Aff. ¶¶ 5, 7; Supp. Wilson Aff., Ex. C.) Unlike the corporation in Marshall, BN Services has not been reinstated. Cf. 616 F.3d at 854. Thus, unlike in Marshall, the Complaint does not show that Defendant signed the CBA in his official capacity on behalf of a corporation and Plaintiffs have made factual assertions as to why Defendant bound himself as an individual. Cf. id. at 855.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Entry of Default Order [Docket No. 11] is **GRANTED**.

2. Defendant Kenny Wingender, d/b/a BN Service, Inc., has breached his obligations under the Local 427 Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of February 2019 through June 2019. Defendant is liable to Plaintiffs in the

amount of $1,916.92, which represents liquidated damages of $1,644.84 and interest of $252.08 for the months of August 2018 through January 2019, based upon reports submitted to date.

3. Defendant must remit all fringe fund reports due for the months of February 2019 through the date of this Order, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, correctly identifying hours worked pursuant to the Collective Bargaining Agreement within ten (10) days of service of this Order upon him.

4. Upon Defendant's submission of the outstanding reports, as ordered above, if Defendant fails to make the payments required by this Order, Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions owed pursuant to reports submitted from August 2018 through the date of this Order, including liquidated damages, interest, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment fourteen (14) days after service of the motion and affidavit on Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 28, 2019        s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court